**SO ORDERED.**

**SIGNED this 13 day of December, 2021.**

_____
**David M. Warren
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**IN RE:**

**CHRYSTAL LENEE HOUSTON**
S.S. Nos. xxx-xx-2819
Mailing Address: 2400 Pumpkin Ridge Way, Raleigh, NC 27604

**CASE NO. 21-01867-5-DMW
CHAPTER 13**

**DEBTOR.**

**ORDER ON OBJECTION TO CLAIM**

**THIS CAUSE COMING** before the Court upon the Objection to Court Claim Number 1 filed by John. F. Logan, Chapter 13 Trustee on August 27, 2021, the Opposition to the Objection filed by the Debtor and Chrystal Lenee Houston on September 13, 2021. The Court conducted a hearing in Raleigh, North Carolina on October 27, 2021 and Michael B. Burnett, Esq. appeared for the Trustee and Jason D. Watson, Esq. appeared for the Debtor.;

**THE COURT FINDS** that Americredit Financial Services dba: GM Financial ("Creditor") filed Proof of Claim No. 1 on August 25, 2021, asserting a claim in the amount of $23,234.95 to be secured by the Debtor's 2019 Honda Civic ("Vehicle"); that the Proof of Claim included, as an attachment, a copy of the Retail Installment Sale Contract, but did not include a copy of the certificate of title for the Vehicle nor did it include any record produced by the Division of Motor Vehicles ("DMV") to evidence a lien in favor of the Creditor on the Vehicle; that the Trustee filed the Objection, asserting the documentation attached to the Proof of Claim is insufficient evidence of a perfected security interest in the Vehicle; that thereafter, the Debtor attached to the Opposition to the Trustee's Objection, a Lien Detail record prepared by the DMV which shows the Creditor has perfected a lien on the Vehicle; that the Creditor's failure to attach the proper documentation when the Proof of Claim was originally filed to prove perfection of their lien required the Debtor to bear the burden of providing said documentation to ensure the Creditor's claim could be paid; that counsel for the Debtor should be awarded attorney's fees in the amount of $500.00 for time spent providing documentation to the Trustee, which the Creditor should have attached to the initially filed Claim and for attending the hearing on the Objection; and that said fee should be paid by reducing the secured portion of the Creditor's claim by $500.00.

**IT IS ADJUDGED, ORDERED AND DECREED** that the Debtor has provided proof of a properly perfected lien held by the Creditor, therefore the Trustee's Objection to Court Claim Number 1 is hereby denied.

**IT IS FURTHER ADJUDGED, ORDERED AND DECREED** that the secured portion of the Creditor's claim, Court Claim No. 1 filed by the Creditor on shall be reduced by $500.00.

**IT IS FURTHER ADJUDGED, ORDERED AND DECREED** that the Law Office of John T. Orcutt shall be awarded attorney's fees in the amount of $500.00, to be paid as an administrative expense through the Debtor's Chapter 13 plan from the $500.00 reduction to the secured portion of the Creditor's claim.

**End of Document**